volved in that decision, is decisive of the question now before this court, and that the judgment of *Frederick* County Court ought therefore to be affirmed.

JUDGMENT AFFIRMED.

---

THE STATE *vs.* LEVIN DOWELL.—*December*, 1831.

It is sufficiently certain in an indictment to describe the article stolen as " one hide of the value," &c.

ERROR to *Calvert* County Court.

An *Indictment* had been found against *Dowell*, by the grand jury of *Calvert* county, in the following words:

" The grand jurors of the State of *Maryland*, for *Calvert* county, upon their oath do present, that *Levin Dowell*, late of said county, yeoman, on the 10th January, 1830, with force and arms at the county aforesaid, one hide of the value of one dollar current money, and one other hide, of the value of one dollar, current money, of the goods and chattels of *James Kent*, and *Daniel Kent*, then and there being found, feloniously did steal, take, and carry away, against the act of Assembly in such case made and provided, and against the peace, government, and dignity of the State."

Upon the plea of not guilty, there was a verdict for the State.

The defendant then moved in arrest of judgment upon the ground. 1st. That the indictment does not describe the kind of hides charged to have been stolen. 2d. That the indictment charges the stealing of two hides, and the proof in support of that allegation is, that the accused did steal an ox hide, and a calf skin. The County Court sustained the motion, and arrested the judgment. The present writ of error was thereupon taken out.

The cause was argued before BUCHANAN, Ch. J., EARLE, MARTIN, STEPHEN, and ARCHER, J.

*Boyle* for the State, after referring, upon the question of the certainty required in indictments, to 5 *Coke*, 125. *Russel on Crimes*, 1147, 1181. *Cowp. Rep.* 682. 2 *East. Crown. Law*, 777, 602, 616. *Archbold, C. Plea.* 130. 3 *Maul. and Selw.* 539, was stopped by the court, who

REVERSED THE JUDGMENT, AND AWARDED PROCEDENDO.

---

JOHN DIFFENDERFFER *vs.* WINDER, *et ux.*—*December*, 1831.

D, in 1815, voluntarily assumed a trust over certain real property, to a part of the rents of which the complainants were entitled, and from that period until 1828, from time to time, every year, received large sums of money from the estate, which he continually employed in trade and speculation. To the bill against him for an account, he filed more than one defective answer, withholding the discovery sought for. He claimed the whole trust fund, in one answer, as belonging to his wife and children, who really owned a part; while in another, he set up an unfounded stale claim in a stranger, to a part of the fund. He endeavored in the progress of the cause to stifle the inquiry as to the use he had made of the money received, or the profits which had accrued from its use. He neither paid nor offered to pay the *c. q. t.* complainants any thing. HELD, that under the circumstances he was liable to pay compound interest, estimation on the balance in his hands at the end of each year; and that having kept full and fair accounts of his receipts and expenditures, and in that respect faithfully discharged his duty as trustee, he had not forfeited all claim to commissions, but was entitled to half commission— 5 per centum.

Where the Appellate Court reverses the decree of the Court of Chancery, it exercises as it were an original equity jurisdiction, and places that decree upon the record, which the Chancellor ought to have given. Upon cross appeals, therefore, from the same decree, errors of which one party below, since the Act of 1825, could not have availed himself upon his appeal, because not excepted to, may be corrected by this court in remodelling the Chancellor's decree upon the appeal of the other party.

The Court of Appeals will direct an audit to be made, and new accounts stated, where it is necessary to enable them to pass a final decree in the cause.